```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DANNY E. BEAUCLAIR,**

                     **Petitioner,**

      v.                                   **CASE NO. 07-3111-SAC**

**RAY ROBERTS, et al.,**

                     **Respondents.**


**O R D E R**

Petitioner proceeds pro se on a petition for habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition without prejudice, based on petitioner's failure to exhaust state court remedies on all grounds asserted in petitioner's habeas application. Having reviewed the record, which includes petitioner's response, the court grants respondents' motion.

Respondents contend the petition includes a mixture of exhausted and unexhausted claims, and should be dismissed without prejudice to allow petitioner to fully exhaust state court remedies on his unexhausted claims. Petitioner does not contest that he has not exhausted state court remedies on most of his claims, but argues exhaustion is not required because "manifest injustice" and "ineffective assistance of counsel" exceptions to the exhaustion requirement allow him to raise his claims for the first time before the federal court in a habeas application, and because resort to the

state courts would be futile.  The court finds no merit to these arguments.

Comity requires that every claim presented for habeas review under § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  Id. at 842.  *See also* 28 U.S.C. § 2254(b)(1).

Petitioner first argues exhaustion of state court remedies is not required where the "manifest injustice" exception allows him to raise his claims for the first time in his application for federal habeas review.  It appears petitioner is referring to the "manifest injustice" showing that might excuse a petitioner's procedural default in presenting his claims for full state court review.  *See* Coleman v. Thompson, 501 U.S. 722, 749 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.").  Petitioner's reliance on this exception

2

is misplaced.[1]

The procedural default doctrine bars a federal court's review of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim as the exhaustion doctrine requires, and the prisoner cannot cure that failure because state court remedies are no longer available. In the present case, however, no procedural bar is at issue where nothing in the record indicates state court review of petitioner's claims is barred by operation of an independent and adequate state court rule. Instead, petitioner is attempting to excuse his refusal to pursue available state court remedies, as in presenting his claims to the state courts in a motion filed under K.S.A. 60-1507 seeking post-conviction relief.

Petitioner next argues his exhaustion of state court remedies is not required because the "ineffective assistance of counsel" exception allows him to raise his unexhausted claims for the first time in this federal action. Petitioner cites no authority for this argument, but may be referring to state and federal cases recognizing an exception to the general rule precluding an appellate court's consideration of an ineffective assistance of counsel claim prior to the district court's consideration of such a claim when the

---

[1] Likewise, to the extent petitioner may be relying on the manifest injustice exception to the general rule that an appellate court will not consider an issue raised for the first time on appeal, such reliance is misplaced because that limited and rare exception applies when an *appellate* court feels it must resolve a question of law to prevent a miscarriage of justice. *See* <u>Farmers Ins. Co. v. Hubbard</u>, 869 F.2d 565, 570 (10th Cir. 1989).

record is sufficient and further factual inquiry is not required to decide the unexhausted claim.[2] These holdings, however, have no application to the present habeas action filed in this district court, and clearly do not excuse petitioner's failure to exhaust state court remedies on any of his claims.

Finally, petitioner contends his nonexhaustion of state court remedies should be excused because resort to the state courts on at least one of his claims would be futile. The court disagrees.

Exhaustion of state court remedies is not required if "such remedies are unavailable or ineffective under the circumstances." 28 U.S.C. § 2254(b)(1). *See also* Bear v. Boone, 173 F.3d 782, 785 (10th Cir. 1999)(recognizing narrow exception to the exhaustion requirement where "[f]urther state court proceedings would be futile"). Here, petitioner cites his unsuccessful attempt to seek mandamus relief from the Kansas Supreme Court to require a decision on one or more issues he maintained should have been decided by that court in its resolution of petitioner's appeal and its remand to the lower state appellate court for further review. This is wholly insufficient to demonstrate that it would now be futile to pursue appropriate state court review of these issues.

---

[2] *See e.g.,* United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)(as to general rule of not resolving ineffective assistance of counsel claim on direct appeal when claim was not raised in district court, exception exists when record is sufficient or claim merits no further factual inquiry); State v. Carter, 270 Kan. 426, 433 (2000)(addressing merits of ineffective assistance of counsel claim raised for the first time in state appeal because record was sufficient for state appellate court to decide the issue and remand would serve no purpose).

Because respondents correctly observe that a stay of this mixed petition is not required under the circumstances where the time limitation imposed by 28 U.S.C. § 2244(d)(1) for seeking federal habeas relief would not necessarily foreclose petitioner from refiling after fully exhausting state court remedies on all claims presented in that petition,[3] the court concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (Doc. 13) is granted, and that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of October 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[3]A one year limitations period applies to a state prisoner seeking a federal writ of habeas corpus.  28 U.S.C. § 2244(d)(1). The running of this limitations period is tolled while a properly filed post-conviction proceeding and appeal therefrom is pending in the state courts.  28 U.S.C. § 2244(d)(2).  Petitioner's filing of the instant action in federal court has no comparable tolling effect.  See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

In this case it appears the one year period began running in September 2003, upon petitioner's conviction becoming final, and was tolled (stopped) approximately one month later when petitioner filed a motion under K.S.A. 22-3210(d) to correct an illegal sentence. The approximate eleven months remaining in the one year statutory period began running again at the end of March 2007, upon the state courts' final resolution of petitioner's motion.  Because petitioner's filing of the instant petition in federal court did not stop (toll) the running of that eleven month period, it appears petitioner currently has approximately four months remaining in the one year statutory period.