```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**DANNY E. BEAUCLAIR,**

                       **Petitioner,**

        v.                                **CASE NO. 07-3111-SAC**

**RAY ROBERTS, et al.,**

                       **Respondents.**


### O R D E R

Petitioner proceeds pro se on a petition for habeas corpus under 28 U.S.C. § 2254. The court granted respondents' motion to dismiss the petition without prejudice, finding petitioner had not exhausted state court remedies on all of his claims, and finding time remained in the federal limitation period, 28 U.S.C. § 2244(d)(1), for refiling a petition on fully exhausted claims. Within ten days, petitioner filed a motion for reconsideration, which the court considers as a timely filed motion under to alter or amend the judgment entered in this matter. *See* Fed.R.Civ.P. 59(e); Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(a motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion).

Grounds "warranting a motion to [alter and amend under Rule 59(e)] include an intervening change in the controlling law, new evidence previously unavailable, and the need to correct clear error or prevent manifest injustice." Id. Thus a motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Id. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. Id. Having reviewed the record, the court denies the motion.

In dismissing the petition, the court found the petition included a mixture of exhausted and unexhausted claims, and concluded petitioner's exhaustion of state court remedies was required notwithstanding petitioner's argument that resort to the state courts would be futile, and that his failure to exhaust state court remedies should be excused due to ineffective assistance of counsel and the "manifest injustice" exception to the procedural default doctrine.

In his motion for reconsideration as later supplemented, petitioner repeats many of these same arguments,[1] which warrants no relief under Rule 59(e). Although petitioner additionally contends a motion for post-conviction relief under K.S.A. 60-1507 is time barred under Kansas law, petitioner discloses that he is currently

---

[1] Petitioner correctly notes that he cited Tenth Circuit cases in support of his argument that claims of ineffective assistance of counsel could be raised directly to the federal habeas court without prior exhaustion of state court remedies. The cases cited, however, address the specific issue of whether the procedural default doctrine should apply to a habeas petitioner's noncompliance with the *Oklahoma* rules for raising a claim of ineffective assistance of counsel. *See e.g.* Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998); English v. Cody, 146 F.3d 1257 (10th Cir. 1998). Petitioner's reliance on these cases to excuse his failure to exhaust state court remedies on such a claim in the *Kansas* courts, or to excuse his default for failing to exhaust state court remedies, is misplaced.

pursuing other post-conviction relief in his criminal case.[2] Under the circumstances, the court is not persuaded that the final order and judgment entered in this matter on October 29, 2007, which dismissed the petition without prejudice to allow petitioner to fully exhaust state court remedies on his unexhausted claims, should be modified or set aside.[3]

IT IS THEREFORE ORDERED that petitioner's motion to alter and amend the judgment in this matter (Doc. 22) is denied.

**IT IS SO ORDERED.**

DATED:  This 4th day of September 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] Petitioner, for instance cites the state district court's denial in September 2007 of two post-conviction motions filed by petitioner to raise many of his unexhausted claims.  The docket sheet in that criminal proceeding reveals that petitioner's appeal from that state court decision is currently pending before the Kansas appellate courts. *See* www.shawneecourt.org (providing public access to the docket in petitioner's criminal case, No. 99-CR-4640. *See also* www.kscourts.org (providing an appellate case inquiry system) *and* Kansas Appeal No. 100161.

[3] Petitioner is reminded that a one year limitations period applies to a state prisoner seeking a federal writ of habeas corpus, 28 U.S.C. § 2244(d)(1), and that the running of this limitations period is tolled while a properly filed post-conviction proceeding and appeal therefrom is pending in the state courts, 28 U.S.C. § 2244(d)(2).

3